Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MI TIENDITA LATINA II, INC., a Washington corporation, and VICTOR FERNANDO GALICIA, an individual, | No.: 2:21-CV-01624-JCC |
| Plaintiffs, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| vs. | |
| STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation, | |
| Defendant. | |

1.    **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER-1
CAUSE NO. 2:21-cv-01624-JCC

3414379 / 1763.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

## 2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include, but not be limited to, the following documents and tangible things produced or otherwise exchanged in discovery:

**1)** attorney client communications and work product, without waiver of *any* claims of privilege or other protection relating to these communications.;

**2)** sensitive personal information, such as Social Security Numbers and financial records. This includes tax records, bank account statements and bookkeeping records that were not previously provided to State Farm as part of the claims process or underwriting process;

**3)**  Claims training and procedure manuals and other materials that contain trade secret or other confidential and proprietary research, development, and/or commercial information of State Farm relating to first-party property coverage and/or claims.

**4)**  Materials relating to claim personnel involved in handling and/or adjusting the subject claim, including but not limited to evaluations, compensation, employee performance reviews, and/or other sensitive, private information.

**5)** Materials containing trade secrets or confidential research, development, proprietary, claims-handling philosophies, insurance pricing, and/or other valuable information developed through State Farm's industry experience and creative efforts or any other exclusive industry information.

**6)** Proprietary, confidential, competitively sensitive, internal-use only or trade secret information of State Farm and its related entities, including but not limited to financial information, training materials, and contracts or agreements with third parties; and

**7)** Any non-public material of a sensitive or proprietary nature.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1    The Named Plaintiffs, MI Tiendita Latina II, Inc. and Victor Fernando Galicia

2    ("Plaintiffs") and Defendant State Farm, ("hereinafter collectively referred to as the "Parties")

3    reserve the right to seek by stipulation or motion to enlarge this list as discovery proceeds in the

4    event that Plaintiffs or Defendant seek additional information not included in the above description

5    which the Parties maintain is entitled to the protections of this agreement and is otherwise

6    discoverable under Federal Rule of Civil Procedure 26.

7    **3.    <u>SCOPE</u>**

8        3.1    The protections conferred by this agreement cover not only confidential material

9    (as defined above), but also (1) any information copied or extracted from confidential material; (2)

10   all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

11   conversations, or presentations by Parties or their counsel that might reveal confidential material.

12       However, the protections conferred by this agreement do not cover information that is in

13   the public domain or becomes part of the public domain through trial or otherwise.

14       3.2    Nothing in this Agreement shall be construed to prohibit, restrict, or require State

15   Farm to obtain an authorization for the retention, use, or disclosure of nonpublic Confidential

16   Information and records as authorized or as reasonably required by its Information Retention

17   Schedules,  federal or state law or regulation, or court order, including, but not limited to, Medicare

18   authorities if reporting is applicable, to a third-party for analysis of records in anti-fraud efforts

19   (using non-fraudulent data to benchmark), in reporting for rate-making or otherwise, and in

20   paperless electronic claim systems for permissible insurance functions.  Nothing in this order shall

21   prevent State Farm from retaining all documents necessary for regulatory compliance activities,

22   nor from producing any documents necessary for regulatory compliance activities.

23

STIPULATED PROTECTIVE ORDER-3
CAUSE NO. 2:21-cv-01624-JCC

3414379 / 1763.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

**4.** **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1    <u>Basic Principles</u>. Except for the permissible uses described in section 3.2,   a receiving party may only use confidential material that is disclosed or produced by another party or by a non-party in connection with this case for prosecuting, defending, or attempting to settle this litigation.

With the exception of the circumstances described in section 3.2, Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the court, court personnel, and court reporters and their staff;

(d)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)      the Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law.

4.3      _Filing Confidential Material_. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirement of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

## 5.      **DESIGNATING PROTECTED MATERIAL**

5.1      _Exercise of Restraint and Care in Designating Material for Protection_. Each party that designates information or items for protection under this agreement must take care to limit any such confidential designation to specific material that qualifies under the appropriate

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

STIPULATED PROTECTIVE ORDER-6
CAUSE NO. 2:21-cv-01624-JCC

3414379 / 1763.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the designating party must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2   <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential or non-waiver of privilege designations without court involvement. Any motion regarding confidential or non-waiver of privilege designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality or privilege under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential and/or privileged until the court rules on the challenge.

**7.**    **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

      If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," that party must:

STIPULATED PROTECTIVE ORDER-8
CAUSE NO. 2:21-cv-01624-JCC

3414379 / 1763.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent or unintentional disclosure by a designating party of confidential information shall not be deemed a waiver in whole or in part of the designating party's claim of protection pursuant to this Protective Order. Any such inadvertently or unintentionally disclosed information shall be designated as confidential as soon as reasonably practicable after the designating party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons under the terms of this Protective Order. Upon receipt of the properly

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1   designated documents, the receiving party must return or destroy the non-designated set within

2   three (3) days of being informed of the inadvertent disclosure. If the receiving party destroys the

3   documents, then the receiving party must provide written certification of the destruction to the

4   designating party within three (3) days of receipt of the properly designated documents. In

5   addition, the production or disclosure by either party of an attorney-client privileged, attorney work

6   product, or other protected document or information, whether inadvertent or otherwise, shall not

7   be deemed a waiver of the privilege, work product, or other protection or immunity from discovery

8   by the party in this or any subsequent state or federal proceeding pursuant to Federal Rule of

9   Evidence 502 regardless of the circumstances of disclosure. If any party becomes aware of the

10   production or disclosure of such protected information, that party shall provide written notice, to

11   the designating party, of such production or disclosure within three (3) days after it becomes aware

12   that protected information has been disclosed or produced.

13   **10.   <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>**

14            Within sixty (60) days of the final determination of this action, including all appeals, the

15   designating party must provide the receiving party with a list of documents that have been

16   designated as confidential by the designating party in this litigation and produced to the receiving

17   party, and which the designating party wants destroyed. Within 14 days after the receipt of this

18   list, the receiving party must shred (if paper) or delete (if electronic) all confidential materials

19   including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon

20   appropriate methods of destruction.

21            Notwithstanding this provision, counsel are entitled to retain one archival copy of all

22   documents filed with the court only, even if such materials contain confidential material, for a

23   period of seven (7) years after the termination of this action, including all appeals, for the purpose

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

of complying with any Rule of Professional Conduct and ethical obligations owed to their respective clients. After such period, the materials that contain confidential materials must be shredded (if paper) or deleted (if electronic).

The confidentiality obligations imposed by this agreement shall remain in effect until the designating party agrees otherwise in writing or the court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

| LAW OFFICES OF NEAL BONRUD PLLC | FORSBERG & UMLAUF, P.S. |
|---|---|
| By: *s/Neal E. Bonrud, Jr.* <br>    Neal E. Bonrud, Jr., WSBA #20456 <br>    Email address neal@bonrudlaw.com <br>    Law Offices of Neal Bonrud PLLC <br>    1312 N. Monroe St., Suite 98 <br>    Spokane, WA  99201 <br>    Telephone:  (425) 292-0735 <br>    Attorneys for Plaintiff | By: *s/Kara A. Tredway* <br>    Ryan J. Hesselgesser, WSBA #40720 <br>    Email address rhesselgesser@foum.law <br>    Kara A. Tredway, WSBA #44984 <br>    Email address ktredway@foum.law <br>    Forsberg & Umlauf, P.S. <br>    901 Fifth Avenue, Suite 1400 <br>    Seattle, WA  98164 <br>    Telephone: (206) 689-8500 <br>    Attorneys for Defendant |
| Dated this 15th day of February, 2023 | DATED this 15th day of February, 2023 |

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 21st day of February 2023.

_____
Honorable John C. Coughenour
United States District Court Judge

STIPULATED PROTECTIVE ORDER-12
CAUSE NO. 2:21-cv-01624-JCC

3414379 / 1763.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on _____ in

the case of *Mi Tiendita Latina II, Inc., et al. v. State Farm Fire and Casualty Company*, Cause

No.: 2:21-cv-01624-JCC. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER-13
CAUSE NO. 2:21-cv-01624-JCC

3414379 / 1763.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX